[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13575

Non-Argument Calendar

_____

DONATUS O. MBANEFO,

                                                  Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket Nos. 7:20-cv-00108-HL-TQL,
7:16-cr-00002-HL-TQL-6

———————————————

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Dr. Donatus Mbanefo claims that his trial counsel was ineffective, forcing him not to testify at his criminal trial and failing to introduce certain evidence. Because he has not satisfied the *Strickland* standard for ineffective assistance of counsel, we affirm.

## I.

This is Dr. Donatus Mbanefo's third appeal stemming from his conviction. After a jury trial, he was convicted of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and two substantive counts of unlawful dispensation of a controlled substance under 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2). When Dr. Mbanefo challenged the sufficiency of the evidence, the jury instructions, and the court's drug quantity findings, this Court affirmed his conviction and sentence. *United States v. Bacon*, 809 F. App'x. 757 (11th Cir. 2020). We also affirmed the district court's denial of his motion for a new trial. *United States v. Mbanefo*, No. 21-13693, 2022 WL 2983856 (11th Cir. July 28, 2022). Against the backdrop of those two decisions, we give limited additional background.

In this appeal, we review the court's denial of Dr. Mbanefo's 28 U.S.C. § 2255 motion. In the motion, he describes ten grounds for ineffective assistance of counsel, all of which the magistrate

judge below rejected without holding an evidentiary hearing. The court then adopted the magistrate judge's recommendation that the motion be denied. When Dr. Mbanefo appealed, we granted a certificate of appealability as to two of his grounds for relief.

For the first ground, Dr. Mbanefo alleges that his attorney forced him into not testifying. He claims that in the lead-up to trial, he and his attorney planned for him to testify and met in person twice to discuss trial strategy. On the morning of his planned testimony, Dr. Mbanefo says he met his attorney at the courthouse to prepare for the examination. To his surprise, his attorney had organized no questions for the examination and told Dr. Mbanefo not to take the stand. After a "heated, ugly argument," Dr. Mbanefo claims, his counsel threatened to withdraw if he decided to testify and told him he would have to proceed pro se.

This is why, Dr. Mbanefo says, he told the court he did not wish to testify. In support of this story, he produced an email exchange with his counsel dated two days before the government rested its case. In the messages, Dr. Mbanefo's counsel advised him that he needed "to be prepared to explain, both on direct and on cross" how his medical treatment complied with the pain medication regulations. Dr. Mbanefo argues that this shows an abrupt shift in trial strategy and supports that a threat was made.

The court was unconvinced. The magistrate judge decided that Dr. Mbanefo had provided only "unsupported allegations" to support his claims, allegations that "directly contradict his statements" at trial. Moreover, Dr. Mbanefo had not shown, the

court reasoned, that the result of the proceeding would have been different if he had testified, so his counsel's actions could not have caused any harm.

For the second ground, Dr. Mbanefo claims that his attorney withheld exculpatory evidence. He lists six documents that he said should have been presented at trial. This evidence includes emails that Dr. Mbanefo says show that he was deceived and pressured by the owners of the pain clinic where he worked; an airline reservation showing that he extended his trip to Africa to the detriment of the clinic; and an email from the Georgia Composite Medical Board requesting that he attend a voluntary interview as part of an investigation into his prescribing practices. For this ground, the magistrate judge concluded that counsel's choice not to introduce this evidence could be considered "sound trial strategy" and therefore could not be ineffective assistance.

## II.

In considering a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). We review the decision not to grant an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). Because Dr. Mbanefo proceeds pro se, we will liberally construe his filings. *Id.*

## III.

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). When evaluating such a motion, the court should hold a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). This means that a prisoner is entitled to a hearing if he "alleges facts that, if true, would entitle him to relief." *Winthrop-Redin*, 767 F.3d at 1216 (quotation omitted). But the court "need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (quotation omitted).

Both of Dr. Mbanefo's grounds for relief require a *Strickland* test for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). For the first ground, Dr. Mbanefo alleges that his attorney coerced him not to testify; thus, *Strickland* is the proper framework. *Nichols v. Butler*, 953 F.2d 1550, 1552 (11th Cir. 1992) (en banc). The same is true for the second ground, which involves an attorney's alleged failure to introduce evidence. *See Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004).

A *Strickland* claim has two components: deficiency and prejudice. 466 U.S. at 687. An attorney is deficient if his representation "fell below an objective standard of reasonableness." *Id.* at 688. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694. To succeed on an ineffective assistance claim, a claimant must show both deficiency and prejudice. *See id.* at 687.

Neither of Dr. Mbanefo's claims pass muster under *Strickland*.

## A.

For his first ground—that he was allegedly forced not to testify—counsel's performance was not deficient. Of course, the "testimony of a criminal defendant at his own trial is unique and inherently significant." *Nichols*, 953 F.2d at 1553. As a result, an attorney's performance can be deficient if he threatens withdrawal to force a client not to testify. *Id.* But although Dr. Mbanefo has presented a detailed story to that effect, his allegations are contradicted by the record, and so we agree with the district court that no evidentiary hearing was required. *See Winthrop-Redin*, 767 F.3d at 1216.

The record reveals a rigorous inquiry into whether Dr. Mbanefo wished to testify. The court first explained in detail a defendant's testimony rights and confirmed that Dr. Mbanefo understood. Then it asked whether he had discussed his rights with his attorney, which he affirmed. The court emphasized that only Dr. Mbanefo could make the decision whether to testify and that his lawyer "can't make it for you." In addition, Dr. Mbanefo's counsel had already—on the record—told the court that he had explained these rights to Dr. Mbanefo, including that the decision

21-13575                Opinion of the Court                7

is "his alone to make" and that "*he* has decided that he is not going to testify." (emphasis added).  This contradicts Dr. Mbanefo's claims.

Even if counsel were deficient, however, Dr. Mbanefo has not shown the required prejudice.  None of his proposed testimony, even if true, creates a "reasonable probability" that the outcome of the trial would have been different.  He says that he would have testified that he had been deceived and threatened by the owners of the clinic and had expressed concerns to a Drug Enforcement Administration investigator.  But the jury had already heard the same or substantially similar evidence.  He also describes how he extended his trip to Africa, which caused havoc at the understaffed clinic.  But this allegation does not negate any of the elements of his crimes as charged to the jury.

Finally, he says he would have testified that he had "acted responsibly within the bounds of medically accepted procedure" while consulting at the clinic.  This allegation, if true, would strike at the heart of the convictions.  Yet it is no more than an unsupported generalization, and as such required no further development through an evidentiary hearing.  *See Winthrop-Redin*, 767 F.3d at 1216.  Dr. Mbanefo never explained to the district court *why* his prescribing practices were medically legitimate.[1]  Even if he had, he could not show prejudice: any

---

[1] On appeal, Dr. Mbanefo included an explanation, but because it was not before the district court, we cannot consider it.  *See Access Now, Inc. v. Sw.*

proposed testimony about medical legitimacy inspires no reasonable probability of a different outcome in the face of the overwhelming evidence underpinning Dr. Mbanefo's convictions. *Cf. Bacon*, 809 F. App'x. at 758 n.1, 759.

In sum, the district court did not abuse its discretion in declining to hold an evidentiary hearing about Dr. Mbanefo's decision not to testify, and because he cannot show deficiency or prejudice, this claim of ineffective assistance of counsel fails.

**B.**

Dr. Mbanefo also claims that his attorney failed to introduce exculpatory evidence, but he has not shown that his attorney's performance was deficient in this regard. "Judicial scrutiny of counsel's performance must be highly deferential" and a "strong presumption" exists that counsel's conduct is professionally reasonable. *Strickland*, 466 U.S. at 689. A court cannot judge an attorney deficient if his approach "might be considered sound trial strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (quotation omitted).

Just so here. Dr. Mbanefo again points to documents that he says show he was deceived and pressured by the owners of the clinic, expressed concerns about the clinic, and extended his trip to Africa. It is not clear from the record whether Dr. Mbanefo's

---

*Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). The same goes for some of the evidence that Dr. Mbanefo claims, for the first time on appeal, should have been introduced by his attorney.

counsel knew about this evidence.  But even assuming that he did, and chose not to introduce it, this choice could be sound trial strategy.  An attorney could reasonably determine that duplicative arguments and evidence were unnecessary or would be confusing to the jury.  After all, counsel "must be permitted to weed out some arguments to stress others and advocate effectively."  *Haliburton v. Sec'y for the Dep't of Corr.*, 342 F.3d 1233, 1244 (11th Cir. 2003).

The same holds for the email from the Georgia Composite Medical Board.  The email describes an investigation into a complaint or malpractice action against Dr. Mbanefo.  On its face, the email is not exculpatory—quite the opposite.  The existence of an independent investigation by a state agency could raise a red flag for a jury.  Dr. Mbanefo claims that the Board did not find him "wanting or sanction him."  Even if true, an attorney could reasonably believe that without documentary evidence to support this exoneration, it was sound trial strategy to avoid the Board investigation altogether.

⋆    ⋆    ⋆

For these reasons, the district court did not err in denying Dr. Mbanefo's § 2255 motion without an evidentiary hearing.  We **AFFIRM**.